The document below is hereby signed.

Signed: November 5, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CORE COMMUNICATIONS, INC., | ) | Case No. 17-00258 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
REGARDING APPLICATION TO EMPLOY SPECIAL COUNSEL,
AND DIRECTING MICHAEL A. GRUIN AND THE LAW FIRM
STEVENS & LEE, AS SPECIAL COUNSEL, TO FILE RULE 2016(b) STATEMENT

The debtor has filed an *Application to Employ Special Counsel for the Debtor* ("*Application*")(Dkt. No. 99). Several issues have been raised regarding the debtor's *Application*. I will grant the *Application* and will require that Michael A. Gruin and the law firm Stevens & Lee ("Special Counsel") file a disclosure of compensation as required by Fed. R. Bankr. P. 2016(b).

I

Creditors Verizon Maryland, LLC and Verizon Pennsylvania, LLC and the U.S. Trustee contend that any order granting the *Application* should require Special Counsel to file a fee application under 11 U.S.C. § 330 with respect to any

compensation to be received from non-estate sources.  However, I agree with the debtor that I ought not order the debtor's proposed Special Counsel to file a § 330 application for fees to be paid from non-estate sources.  Section 330 is limited to applications for the payment of compensation from the estate. *See David & Hagner, P.C. v. DHP, Inc.*, 171 B.R. 429, 435-37 (D.D.C. 1994), *aff'd*, 70 F.3d 637 (D.C. Cir. 1995); *but see In re Valladares*, 415 B.R. 617, 622 (Bankr. S.D. Fla. 2009) ("[A]n attorney representing a debtor must file fee applications for payment of his fees pursuant to Section 330 even if fees are paid by a third party.").  My conclusion in that regard is supported by comparing 11 U.S.C. §§ 329(b) and 330(a)(5).  Section 330(a)(5), a provision added to the Bankruptcy Code in 1994, contemplates that when interim compensation awarded under 11 U.S.C. § 331 (permitting interim applications "as is provided under section 330") exceeds the final compensation awarded under § 330, the court "may order the return of the excess to the estate."  In other words, applications for awards of compensation (whether interim or final) are viewed as limited to compensation to be paid from the estate.

However, under 11 U.S.C. § 329(b), if compensation paid or to be paid to an attorney for the debtor "exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent

excessive" to either the estate (if the property transferred would have been estate property or was paid by or on behalf of the debtor under a plan) or to the entity that made such payment. In order to assess the reasonable value of such services paid from non-estate sources, the court has the authority to compel the type of detail that would be included in an application for fees under 11 U.S.C. § 330(a). Nevertheless, the court has a measure of discretion in deciding whether to require that type of detail. (Ordering such detail is more likely to occur in a consumer debtor case in which the debtor or a non-debtor party paying the compensation from non-estate sources may lack sophistication.)

In evaluating the *Application*, it is premature to decide whether to exercise such discretion and require the filing of such detail. If the Special Counsel, in making disclosures under Fed. R. Bankr. P. 2016(b), discloses a receipt of compensation that may be excessive, any interested party may file a motion to require the filing of such detail.

II

Under Fed. R. Bankr. P. 2014(a), an application to employ a professional must disclose the proposed arrangement for compensation. Here, the debtor's *Application* disclosed that the debtor's parent company, CoreTel Communications, Inc., will be responsible for the payment of any past and/or future fees

3

for legal services rendered to the debtor by Special Counsel, that Special Counsel has waived any claim that it has against the debtor for any prepetition or postpetition fees that may be due, that Special Counsel does not intend to seek payment for legal services from the bankruptcy estate (and that, in any event, any payment of compensation from the estate would only be after filing an application under 11 U.S.C. § 330(a) and court approval of such compensation from the estate), and that Special Counsel is not holding a retainer from the debtor.

The debtor's *Application* did not disclose whether the debtor's parent company will be seeking reimbursement from the debtor for the fees that the parent company pays to Special Counsel.  However, in a reply to the limited objections filed to the *Application*, the debtor discloses that the debtor's parent company will not be seeking reimbursement from the debtor for the fees that the parent company pays Special Counsel.  There has thus been adequate disclosure in that regard.

The *Application* discloses that Special Counsel does not have a retainer from the debtor but does not disclose whether Special Counsel is holding a retainer provided by an entity other than the debtor.  However, the *Application* discloses that the proposed arrangement for compensation is that the debtor's parent company will be responsible for the payment of any past and/or future fees in connection with this matter, so it is obvious that any

retainer has been or will be paid by the debtor's parent company. Whether that arrangement includes a retainer posted by the parent company is an issue addressed more directly by Fed. R. Bankr. P. 2016(b), which requires the filing of the statement required under 11 U.S.C. § 329(a) "of the compensation paid or agreed to be paid," and the source of such payment, which would include a disclosure of any retainer paid.  Because the payment of a retainer by the debtor's parent company will be addressed under Rule 2016(b), and because the posting of such a retainer would not be of estate funds (which would have an impact on the estate), I will treat the debtor's *Application* under Rule 2014(a) as adequately disclosing the arrangement for compensation. However, I note that generally any Rule 2014(a) disclosure of the proposed arrangement for compensation ought to include a disclosure of any retainer and the source of the retainer.

                              III

The proposed Special Counsel has not filed a statement under Fed. R. Bankr. P. 2016(b).  Under 11 U.S.C. § 329(a), such Special Counsel for the debtor is required to file a "statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation."  Under Fed. R. Bankr. P.

                               5

2016(b), such a statement ("including whether the attorney has shared or agreed to share the compensation with any other entity" and certain details regarding any such sharing or agreement to share) must be filed within 14 days after the order for relief or at another time as the court may direct, and "[a] supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed."

Although the debtor's *Application* sets forth the terms of employment of Special Counsel of which the debtor apparently is aware, that does not constitute a Rule 2016(b) statement, a statement that must be filed by the attorney who has received compensation or entered into an agreement for compensation. Accordingly, Special Counsel will be directed to file a Rule 2016(b) statement.  Nevertheless, the debtor is entitled to have the court rule on the *Application* to employ Special Counsel (which fully complies with Fed. R. Bankr. P. 2014(a)) based on the debtor's representations concerning the arrangement for compensation of Special Counsel.

IV

A court authorizing the retention of professionals under 11 U.S.C. § 327(a) must determine whether the professional is disinterested, including whether the professional is the recipient of a preferential transfer.  *See In re Pillowtex, Inc.*,

304 F.3d 246 (3d Cir. 2002). The debtor's *Application* did not disclose whether the debtor made any payments to Special Counsel during the 90-day preference period preceding the commencement of the case. However, the *Application* here is under 11 U.S.C. § 327(e). As noted in *Giuliano v. Young (In re RIH Acquisitions NJ, LLC)*, 551 B.R. 563, 569 (Bankr. D. N.J. 2016):

> adverse interests that would disqualify an attorney from being retained under § 327(a) are distinguishable from adverse interests that would disqualify an attorney from being retained under § 327(e). Under § 327(e), the attorney being retained only needs to be disinterested "with respect to the matter on which such attorney is to be employed."

Accordingly, the debtor was not required to disclose the existence of any preferences incident to the *Application*.[1] In any event, in its reply to the limited objections filed, the debtor has disclosed that no payments were made to Special Counsel within the 90-day preference period preceding the filing of the case.

V

In light of the foregoing, it is

ORDERED that the *Application to Employ Special Counsel for the Debtor* (Dkt. No. 99) is granted, and that pursuant to 11

---

[1] If any preferential payments were received, interested parties could employ Fed. R. Bankr. P. 2004 to discover the dates and amounts of such payments, and the issue of whether the payments ought to be disgorged before the law firm receives compensation from the estate could be addressed when any application for compensation from the estate is filed by special counsel.

U.S.C. § 327(e), and Fed. R. Bankr. P. 2014(a), the debtor, Core Communications, Inc., is hereby authorized to employ Michael A. Gruin and the law firm of Stevens & Lee as special counsel for the purposes identified in the *Application*. It is further

ORDERED that within 10 days after entry of this order, Michael A. Gruin and the law firm of Stevens & Lee shall file a statement under Fed. R. Bankr. P. 2016(b).

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings;

Michael A. Gruin, Esq.
Stevens & Lee
17 North Second Street, 16th Floor
Harrisburg, PA 17101